## TANNER *and* TIBBITS.

In a proceeding under the statute to compel the determination of claims to real estate, if the party putting in a plea in nature of a plea in abatement, omit to plead to the title after a rule for that purpose, the party setting the proceedings in motion is entitled to judgment of discontinuance ; but the opposite party is entitled to costs.

Such costs must be inserted in the record of discontinuance ; if the party entitled to the judgment of discontinuance omit to require to have the costs taxed and to insert them in the record, the opposite party must apply to the court to set aside the record ; he cannot make up a record for the costs, unless by leave of the court.

PROCEEDINGS *to compel the determination of claims to real estate.*    The proceedings in this case previous to those, the subject matter of this motion, may be seen 18 Wendell, 544.    After the judgment there mentioned was set aside, a rule was entered conformably to § 7, 2 R. S. 239, 2d ed., that Tibbits *plead to the title.*    Tibbits omitted to plead, and Tanner thereupon caused his default to be entered, entered a rule for judgment of discontinuance, made up a record without saying any thing *as to costs,* and procured the judgment to be docketed on the 9th December, 1836.    Tibbits conceiving himself entitled to costs, caused a *rule* to be entered on the second day of June, 1838, entitled Tibbits versus Tanner, reciting that *the default* of Tanner for not pleading had been entered and ordering judgment of discontinuance, and on the same day perfected the judgment by filing a record *with an award of costs in his favor.*    Tanner

now moves to set aside such record, insisting, 1. That Tibbits is not entitled to costs ; or 2. If the statute allows costs, that his proceedings of have been irregular.

*By the Court,* Cowen, J.   The more material inquiry is whether the defendant was entitled to costs.   This depends on the provisions of the 7th and 8th sections of the act.   2 R. S. 239, 2d ed.   With reference to the costs, when a defendant is served with a notice pursuant to this act, he may proceed in one of two ways.   First. He may be silent and suffer judgment by default, when no costs are given to either party.   § 6 declares that judgment shall be rendered on such default, *in like manner and with like effect, as if such person had appeared and disclaimed as hereinafter provided ; except that no costs shall be adjudged against either party.*   Secondly, the defendant may plead to the possession, and the 7th section provides for judgment against him on his default to plead over to the title, after he is defeated on his plea to the possession.   It says, simply, that *the like judgment shall be had against him as if he had disclaimed, as provided in the next section,* but he does not add, like the 6th section, *a prohibition of costs.*   Then comes the 8th section, which says the defendant may disclaim, in which case *judgment shall be entered with costs, to him.*   This, then, is a judgment by default, in which the defendant is entitled to *the like judgment as if he had disclaimed* ; and that is declared to be *a judgment with costs to him.*   One would suppose he might take it upon these words simply, " *the like judgment as if he had disclaimed.*"   And it is evident the legislature understood the terms as importing a full judgment, *costs inclusive ;* for when they use the like words in the 6th section, *meaning to exclude costs,* they have made *an express exception.*   It is equal to the plaintiff whether after judgment on the plea to the possession, he have judgment by *disclaimer* or *default ;* and in both cases I think he must pay costs.

But the defendant's rule is irregular in its *title.*   The tenant is plaintiff, who takes judgment of discontinuance against himself, not for his own default, but that of the opposite

party, and so the rule should have recited, and so the de- <span>ALBANY,<br>August, 1833.</span> fendant's attorney instructed his agent. The whole appeared so singular to the agent, he not adverting to the statute, that <span>In the matter of the election of directors of the M. & H. Rail Road Co.</span> he reversed the title and the recital, and made it conform to the common shape of such a rule. Hence the mistake, a very slight one after all, merely in the title, for we might reject the recital as surplusage. But still it was irregular. Beside, in strictness, no separate record of judgment could be made. The defendant should have moved to set aside Tanner's record and had it rectified by the insertion of costs.

But the plaintiff was also irregular. He should have obtained a taxation of the defendant's bill; and either have paid it, or inserted it in his record. There should be but one record of judgment for one suit. If the proceeding be peculiar, so that the party taking judgment cannot perfect it in the common course, the court will aid, on motion, by special rule.

In this case, let the default entered in behalf of Tibbits and all subsequent proceedings be set aside; also all the proceedings subsequent to the rule for judgment entered in behalf of the plaintiff, without costs of this motion to either party.